UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| TOMMY THOMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 2:13-cv-00335-JMS-WGH |
| | ) |
| MARTY HALE, et al., | ) |
| | ) |
| Defendants. | ) |

**Entry on Motion to Stay the Proceedings**

Presently pending before the Court is Defendant Nathan McKinney's motion to stay the proceedings in this case pursuant to the Soldiers and Sailors Relief Act. In support of this motion, Mr. McKinney states that he was called for military duty on September 13, 2014, which was to commence on October 22, 2014 in Fort Hood, Texas, and last for one year. [Filing No. 47 at 1.] Further, Mr. McKinney states that the Defendants' ability to defend against Plaintiff Tommy Thompson's claims would be materially prejudiced if they were forced to proceed in absence of Mr. McKinney, who is both a defendant and a material witness to the incidents at issue in this case. [Filing No. 47 at 1.] Accordingly, under the Soldiers and Sailors Relief Act, 50 App. U.S.C. § 521, Mr. McKinney states that this proceeding should be stayed. [Filing No. 47 at 1-2.]

The section of the Soldiers and Sailors Relief Act on which Mr. McKinney relies provides certain protections to military service members, including a stay of proceedings "while the defendant is in military service." 50 App. U.S.C. § 521(d). Section 521 applies only to "any civil action or proceeding . . . in which the defendant does not make an appearance." *Id.* § 521(a). Mr. McKinney, however, has appeared and participated in this litigation. [*See* Filing No. 14 at 3.] Therefore, § 521 is inapplicable to Mr. McKinney and does not provide a basis to stay the case.

A different section of the Soldiers and Sailors Act may, however, be applicable. Section

522 applies "to any civil action or proceeding . . . in which the plaintiff or defendant at the time of filing an application under this section . . . (2) has received notice of the action or proceeding," 50 App. U.S.C. § 522(a). Section 522(b) may also provide Mr. McKinney the relief he seeks:

> At any stage before final judgment in a civil action or proceeding in which a servicemember described in subsection (a) is a party, the court may on its own motion and shall, upon application by the servicemember, stay the action for a period of not less than 90 days, if the conditions in paragraph (2) are met.

50 App. U.S.C. § 522(b)(1). Paragraph (2) of § 522(b) provides:

> An application for a stay under paragraph (1) *shall* include the following:
>
> (A) A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear.
>
> (B) A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter.

50 App. U.S.C. § 522(b)(2) (emphasis added).

The evidence submitted by Mr. McKinney in support of his motion to stay the proceedings does not contain either of the categories of evidence required by 50 App. U.S.C. § 522(b)(2). Specifically, the letter filed by Mr. McKinney does not (1) set out how Mr. McKinney's currently military duty requirements materially affect his ability to appear and state a date when he will be available to appear; nor (2) is the letter from a commanding officer stating that his military duty prevents appearance and that military leave is not authorized. [*See* Filing No. 47-1 at 1-2.] Accordingly, the Court has no statutory basis to stay the proceedings in this case.

For the reasons stated, Mr. McKinney's motion to stay [dkt 47] is **denied**. He shall have **through May 6, 2015,** in which renew his motion to stay with the evidence necessary to support his request for a stay under the Soldiers and Sailors Relief Act. Any such renewed motion must also cite the specific subsection of the Soldiers and Sailors Relief Act under which Mr. McKinney

seeks relief and explain how the evidence submitted meets the evidentiary requirements necessary to obtain a stay under that subsection. If Mr. McKinney files a renewed motion, Mr. Thompson shall have **through May 20, 2015**, in which to respond to the motion. Additionally, should Mr. McKinney renew his motion, the other defendants should inform the Court by **May 20, 2015**, as to whether they oppose Mr. McKinney's motion.

**IT IS SO ORDERED**.

Date: 04/16/2015

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

TOMMY THOMPSON   198302
Wabash Valley Correctional Facility
Electronic Service Participant -- Court Only

Electronically Registered Counsel